# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-69V
Filed: July 30, 2025

| | |
|---|---|
| J.C.,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner |

*Danielle Anne Strait, Maglio Christopher & Toale, Seattle, WA,* for petitioner.
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

  On January 17, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act"). (ECF No. 1.) Petitioner alleged that she suffered from narcolepsy with cataplexy as a result of an influenza vaccination of February 3, 2014, and/or an HPV vaccination of February 20, 2014. (*Id.*) On May 16, 2024, the undersigned issued a decision denying compensation. (ECF No. 84.) On December 13, 2024, petitioner filed a motion seeking an award of attorneys' fees and costs. (ECF No. 93.) Petitioner seeks $144,138.59, including $120,291.10 for attorneys' fees and $23,847.49 for litigation costs. (*Id.* at 4.) Petitioner incurred personal costs in the amount of $928.48. (*Id.*)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

1

Respondent filed his response on December 18, 2024.  (ECF No. 94.)  Respondent does not raise any objection as to whether the statutory requirements for an award of attorneys' fees and costs have been met.  (*Id.*)  Noting the special master's discretion regarding attorneys' fees and costs and cautioning that determination of fees "should not result in a second major litigation," "[r]espondent therefore respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 3-4.)

Although petitioner did not prevail, I conclude that this case was filed in good faith and with a reasonable basis, as evidenced by the analysis within the undersigned's decision.  Moreover, respondent does not object to an award of attorneys' fees and costs in this case.  The undersigned has reviewed the billing records submitted with petitioner's request.  (ECF No. 93-2.)  In the undersigned's experience, the request appears reasonable overall, and the undersigned finds no cause to reduce the requested hours or rates.  Additionally, pursuant to Vaccine Rule 13(a)(3), "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision."  The costs also appear to be reasonable and sufficiently documented.  Of the requested costs, $22,300.00 were incurred for the expert services of neurologist Lawrence Steinman, M.D., who billed at rate of $500, and later $550, per hour.  The costs also include some travel costs.  (ECF No. 93-3.)  Petitioner's personal costs were incurred accessing the filings in her case.  (ECF No. 93-4.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum of $145,067.07, representing $144,138.59 for reimbursement of attorneys' fees and costs and $928.48 for reimbursement of petitioner's personal costs, to be paid through an ACH deposit to petitioner's counsel of record, Danielle Strait's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.